UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cameron Myers, Glen Myers, Cameron Brown, Shikara Newton, Jayden Brown, Tasonja Bautista, Haevan Thompson, Xavier Thompson, and Marvonte Marshall,<br>    Plaintiffs,<br><br>v.<br><br>Sunset Management Holding Company, LLC d/b/a Kiawah Exclusives,<br>    Defendant. | CASE NO:  2:23-cv-5914-DCN-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.,* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. Charges of employment discrimination on the basis of racial discrimination and retaliation were filed by the Plaintiffs with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notifications of the Right to Sue were received from the EEOC on or about September 21, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notices of Right to Sue.

3. Plaintiff Cameron Myers (hereinafter "Plaintiff C. Myers") is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. Plaintiff Glen Myers (hereinafter "Plaintiff G. Myers") is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

5. Plaintiff Cameron Brown (hereinafter "Plaintiff C. Brown") is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

6. Plaintiff Shikara Newton (hereinafter "Plaintiff Newton") is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

7. Plaintiff Jayden Brown (hereinafter "Plaintiff J. Brown") is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

8. Plaintiff Tasonja Bautista (hereinafter "Plaintiff Chandler") is a citizen and resident of the State of Mississippi, and resides in Jackson County, Mississippi.

9. Plaintiff Haevan Thompson (hereinafter "Plaintiff H. Thompson") is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

10. Plaintiff Xavier Thompson (hereinafter "Plaintiff X. Thompson") is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

11. Plaintiff Marvonte Marshall (hereinafter "Plaintiff Marshall") is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

12. Defendant, Sunset Management Holding Company, LLC d/b/a Kiawah Exclusives, upon information and belief, is a foreign corporation organized in the state of Delaware and operating under the laws of the State of South Carolina.

13. Defendant is a "person" within the meaning of 42 U.S.C. §1981 and §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

14. Defendant is an "industry affecting commerce" within the meaning of the 42 U.S.C. §1981 and Civil Rights Act of 1964, 42 U.S.C. §2000e.

15. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the 42 U.S.C. §1981 and Civil Rights Act of 1964, 42 U.S.C. §2000e.

16. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

17. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

**STATEMENT OF FACTS**

18. The Plaintiffs are all African Americans who were employed by Defendant company as Housekeepers, whose first dates of employment occurred at different times. Plaintiff C. Myers began working for Defendant in or about April 2021; Plaintiff G. Myers began in or about May 2021; Plaintiff C. Brown began in or about May 2021; Plaintiff Newton began in or about November 2021; Plaintiff J. Brown began in or about July 2021; Plaintiff Bautista began in or about June 2022; Plaintiff H. Thompson began in or about May 2021; Plaintiff X. Thompson began in or about mid 2020; and Plaintiff Marshall began in or about July 2021.

19. At all times relevant to this Complaint, all Plaintiffs were efficient and effective in their respective jobs.

20. Plaintiffs were managed and directed by the Housekeeping Supervisors, Monica Myers and Christiona Harris. Plaintiffs were required to report directly to the office of the Defendant at the start and end of each shift, and the work was subject to direct supervision and approval by Defendant.

21. Plaintiffs were directed on a daily basis by Ms. Myers and Ms. Harris on what properties were to be cleaned that day. Plaintiffs used materials provided by Defendant for the purpose of cleaning properties managed by Defendant.

22. Beginning in or about July 2021, Plaintiffs were subjected to racial discrimination by the Office Manager, Karen McFadden (Caucasian).

23. Plaintiffs and other African American employees were told only to use the back door to enter the building and a camera was installed only on this door.

24. Ms. McFadden stated, "don't let those Niggers take those," referencing cleaning materials, and "those black men scare me." On several occasions the Plaintiffs would also get locked out of the parking lot, unable to get to their vehicles.

25. Plaintiffs reported the discrimination to Defendant's Human Resources Representative, Krystal Harrington (Caucasian).

26. Plaintiffs was further discriminated against by Jessica Marrow (Caucasian), coworker when Ms. Marrow was seen on video drinking alcohol and using the word "Nigger" in reference to them and was never disciplined.

27. Plaintiff reported the discrimination again to Ms. Harrington, but nothing was ever done.

28. Plaintiffs were also discriminated against when Angela Scarpo (Caucasian), coworker was given a key to the property and told to watch Plaintiffs to make sure they didn't steal anything.

29. Ms. McFadden even made a comment that she wanted to hire Hispanics to clean, because they do not steal.

30. In or about September 2022, Plaintiffs had a meeting with HR wherein they reported the ongoing discrimination and harassment, but again nothing was done.

31. On or about September 14, 2022, Plaintiffs were told by another cleaning crew that Hispanics were coming in the "help," but Plaintiffs were not being assigned locations to clean. When Plaintiffs inquired as to why they are not being assigned locations, they were told they would hear back in a few days.

32. On or about September 14, 2022, Plaintiff was terminated, and the reasons given were false and pretextual in nature. Plaintiffs were replaced by members of a different, preferred race.

33. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment. Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

34. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

### FOR A FIRST CAUSE OF ACTION AS TO ALL PLAINTIFFS
### Title VII - Racial Discrimination

35. The Plaintiffs reiterate and reallege each and every allegation as if fully set forth herein.

36. Plaintiffs are members of a protected group on the basis of their race. Plaintiffs were discriminated against based on their race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), 42 U.S.C. §1981, and the Equal Employment Opportunity Act.

37. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiffs;

   b. In demonstrating a pattern of discriminatory treatment toward African American employees; and

   c. In other particulars which discovery may show.

38. In failing to protect the Plaintiffs from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) 42 U.S.C. §1981, and the Equal Employment Opportunity Act.

39. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), 42 U.S.C. §1981, and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

40. The Plaintiffs' race was the determining factor in the discrimination, mistreatment and harassment of the Plaintiffs.

41. The Defendant's discrimination against the Plaintiffs has caused, continues to cause, and will cause the Plaintiffs to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## FOR A SECOND CAUSE OF ACTION AS TO ALL PLAINTIFFS
### Title VII - Hostile Work Environment

42. The Plaintiffs reiterate and reallege each and every allegation as if fully set forth herein.

43. Once Plaintiffs asserted their rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and 42 U.S.C. §1981, they were subjected to adverse terms and conditions by the Defendant thereby causing a hostile work environment.

44. The Defendant's wrongful actions arising from Plaintiffs' protected activity, as set forth aforesaid, constitutes a hostile work environment for the Plaintiffs. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and 42 U.S.C. §1981, by allowing a hostile work environment to exist in the workplace.

45. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiffs by creating a hostile work environment.

46. The Defendant's creation of a hostile work environment has caused, continues to cause, and will cause the Plaintiffs to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## FOR A THIRD CAUSE OF ACTION AS TO ALL PLAINTIFFS
### Title VII - Retaliation

47. The Plaintiffs reiterate and reallege each and every allegation as if fully set forth herein.

48. That as alleged above, Plaintiffs complained to the Defendant on several occasions about racial discrimination.

49. That Plaintiffs' complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and 42 U.S.C. §1981.

50. That shortly after making said complaints, the Defendant fired Plaintiffs which is in violation of 42 U.S.C. §2000e-3 and 42 U.S.C. §1981.

51. Any reasons stated for Plaintiffs' wrongful discharge by Defendant are mere pretext; in actuality, the Plaintiffs were retaliated against for engaging in protected activity.

52. The Plaintiffs' reports of racial discrimination were determining factors in their retaliation and wrongful discharge. But for Plaintiffs' reports of racial discrimination, they would not have been terminated.

53. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiffs.

54. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and 42 U.S.C. §1981.

55. In failing to protect the Plaintiffs from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and 42 U.S.C. §1981.

56. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), 42 U.S.C. §1981, and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

57. As a result of the above, Plaintiffs have suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work; and have also suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries.

58. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiffs, and therefore Plaintiffs are entitled to recover punitive damages from the Defendant.

**REQUEST FOR RELIEF**

59. The Plaintiffs reiterate and reallege each and every allegation as if fully set forth herein.

60. Due to the acts of the Defendant, Plaintiffs suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

61. That by reason of such wrongful acts of the Defendant, the Plaintiffs have been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for the following relief:

1. Judgment in favor of the Plaintiffs and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiffs and against Defendant with back pay and associated benefits they would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4.       Judgment in favor of the Plaintiffs and against Defendant for front pay and any other work benefits they lost in an amount to be determined by the trier of fact;

5.       Judgment in favor of the Plaintiffs and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.       Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
November 17, 2023